# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-61089-BLOOM/Valle

WILMINGTON SAVINGS FUND,

      Plaintiff,

v.

JAMES EUGENE GOODWIN,

      Defendant.

_____/

## ORDER OF REMAND

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On April 30, 2019, *pro se* Defendant James Eugene Goodwin ("Defendant" or "Goodwin") filed a Notice of Removal of a Broward County Circuit Court foreclosure proceeding, ECF No. [1] ("Notice"), based upon this Court's diversity jurisdiction. Upon a review of the Notice, the Court determines, as detailed below, that the notice is untimely and that the Court lacks jurisdiction. Therefore, this case is remanded to the state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim

involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

The procedure for removal is governed by 28 U.S.C. § 1146. Generally, a notice of removal "shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Where the basis for removal is diversity of citizenship and the case was not removable at its inception, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In any event, where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand. *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (stating that removal statutes should be construed narrowly, and all doubts resolved in favor of remand). In meeting its burden, a defendant must provide facts justifying removal. *See Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001) (remanding where health insurer failed to provide proof in support of removal).

In the Notice, Goodwin asserts that this Court has diversity jurisdiction over the instant case and that the amount in controversy is met as evidenced by the complaint, in which Plaintiff

Wilmington Savings Fund ("Plaintiff") alleges an amount due of $99,103.88. Further review of the state court record attached to the Notice reveals that Plaintiff's underlying complaint was filed on December 28, 2017. *See* ECF No. [1] at 4. As such, the Notice and attempted removal is untimely.

Furthermore, "[a] district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016) (internal quotations omitted)). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, provided that no defendant is a citizen of the state in which the action was brought. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996)." Where a defendant is a citizen of Florida at the time of removal, the district court lacks diversity jurisdiction. *Thermoset Corp.*, 849 F.3d at 1317. In the Notice, Goodwin admits that he is a citizen of Florida. ECF No. [1] at 2. Thus, even if the Notice were timely, the Court lacks jurisdiction over this case. *See* 28 U.S.C. § 1441(b)(2) ("A civil action removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Accordingly, this matter is **REMANDED** to the Seventeenth Judicial Circuit Court in and for Broward County for further proceedings. All other pending motions are **DENIED AS MOOT**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 30, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

James Eugene Goodwin, *pro se*
2660 NW 26th Street
Fort Lauderdale, Florida 33311